**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon
Regina Griffin
Stacey A. Bell

*Special Counsel to Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>v.<br><br>MILES Q. FITERMAN REVOCABLE TRUST; MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; TOWERS MANAGEMENT COMPANY LLC; FITERMAN GST EXEMPT MARITAL TRUST; MILES FITERMAN FAMILY TRUST; SHIRLEY FITERMAN, individually, | Adv. Pro. No. 10-04337 (BRL) |

and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; STEVEN FITERMAN, individually, and in his capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; VALERIE HERSCHMAN, individually, and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; KAREN WASSERMAN; LYNN GUEZ; STEPHANIE ROSENTHAL; MILES Q. FITERMAN II; AND MATTHEW FITERMAN,

Defendants.

# AMENDED COMPLAINT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA")[1], and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his undersigned counsel, for his amended complaint (the "Amended Complaint"), states as follows:

## NATURE OF PROCEEDING

1. This adversary proceeding arises from the massive Ponzi scheme perpetrated by Madoff. Over the course of the scheme, there were more than 8,000 client accounts at BLMIS. In early December 2008, BLMIS generated client account statements for its approximately 4,900 open client accounts. When added together, these statements purport that clients of BLMIS had approximately $65 billion invested with BLMIS. In reality, BLMIS had assets on hand worth a small fraction of that amount. On March 12, 2009, Madoff admitted to the fraudulent scheme

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

- 2 -

and pled guilty to 11 felony counts, and was sentenced on June 29, 2009 to 150 years in prison. The within defendants, the Miles Q. Fiterman Revocable Trust (the "Fiterman Revocable Trust"), the Miles Q. Fiterman Non-Exempt Marital Trust (the "Fiterman Non-Exempt Marital Trust"), Towers Management Company LLC ("Towers Management"), and Shirley Fiterman (collectively, the "Initial Transferee Defendants"), and Steven Fiterman, Shirley Fiterman, and Valerie Herschman, in their capacities as Trustees of the Fiterman Revocable Trust and/or the Fiterman Non-Exempt Marital Trust (the "Trustee Defendants") received avoidable transfers from BLMIS.

2. Miles Q. Fiterman ("Fiterman") was one of Madoff's earliest investors, holding BLMIS accounts since the late 1980s. Over the course of two decades, Fiterman, his family members, associates, and entities owned and/or controlled by them, held 39 separate accounts at BLMIS, through which they invested approximately $225 million and received more than $126 million in fictitious profits over the life of Madoff's Ponzi scheme. Fiterman died in 2004 but his family members and associates continued their relationship with Madoff – either individually, or through some of the defendant entities sued herein – and continued to reap the benefits of Madoff's fraudulent scheme.

3. Upon information and belief, Initial Transferee Defendant Fiterman Revocable Trust, a significant beneficiary of this Ponzi scheme, was settled by Fiterman who, before his death, served as co-trustee with his wife, Shirley Fiterman. After Fiterman's death in 2004, the assets of the Fiterman Revocable Trust were distributed, to, or for the benefit of, Fiterman's family members, including the Initial Transferee Defendants and the Subsequent Transferee Defendants (as defined below) named herein.

4. The Trustee's investigation has revealed that since December 11, 2002, the Initial Transferee Defendants received $87,649,601 in fictitious profits from BLMIS as follows: (i) the

Fiterman Revocable Trust and Shirley Fiterman received $48,952,609 from BLMIS; (ii) the Fiterman Non-Exempt Marital Trust received $38,356,992 from BLMIS; and (iii) the Fiterman Non-Exempt Marital Trust and Towers Management received $340,000, all of which represents other people's money.

5. Upon information and belief, the Fiterman Non-Exempt Marital Trust, the Fiterman GST Exempt Marital Trust ("Fiterman Exempt Marital Trust"), the Miles Fiterman Family Trust ("Fiterman Family Trust"), Shirley Fiterman, Steven Fiterman, Valerie Herschman, Karen Wasserman, Lynn Guez, Stephanie Rosenthal, Miles Q. Fiterman II, and Matthew Fiterman ("Subsequent Transferee Defendants," and together with the Initial Transferee Defendants, the "Defendants") received subsequent transfers of the avoidable transfers referenced above. To the extent the funds transferred from BLMIS were for the benefit of the Subsequent Transferee Defendants, the Subsequent Transferee Defendants are the initial transferees of such transfers and are included in the definition of Initial Transferee Defendants for purposes of the allegations herein. This action is brought to recover the fictitious profit amount so that this customer property can be equitably distributed among all of the victims of BLMIS.

6. This adversary proceeding is brought pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 502(d), 544, 548(a), 550(a) and 551 of title 11 of the United States Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law § 270 *et seq.* (McKinney 2001) ("DCL")) and other applicable law, for avoidance of fraudulent conveyances in connection with certain transfers of property by BLMIS to, or for the benefit of, the Defendants. The Trustee seeks to set aside such transfers and preserve and recover the property for the benefit of BLMIS' defrauded customers.

## JURISDICTION AND VENUE

7. This is an adversary proceeding commenced before the same Court before whom the main underlying SIPA proceeding, No. 08-01789 (BRL) (the "SIPA Proceeding"), is pending. The SIPA Proceeding was originally brought in the United States District Court for the Southern District of New York as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08 CV 10791 (the "District Court Proceeding") and has been referred to this Court. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and 15 U.S.C. §§ 78eee(b)(2)(A), (b)(4).

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

9. Venue in this district is proper under 28 U.S.C. § 1409.

## DEFENDANTS

10. Upon information and belief, Initial Transferee Defendant Fiterman Revocable Trust is a revocable trust that was formed under the laws of the State of Florida and holds a BLMIS account in the name, "Miles Q. Fiterman Revocable Trust Miles Q. Fiterman Trustee" (Account No. 1F0021), with the account address reported as Palm Beach, Florida. Upon information and belief, the trustees of the Fiterman Revocable Trust are Shirley Fiterman, Valerie Herschman, and Steven Fiterman. Upon further information and belief, beginning in September 2005, Madoff served as a trustee of the Fiterman Revocable Trust.

11. Upon information and belief, Initial Transferee Defendant and Subsequent Transferee Defendant Fiterman Non-Exempt Marital Trust is a trust that was formed under the laws of the State of Florida, and holds two BLMIS accounts in the names, "Miles Q. Fiterman Non-Exempt Marital Trust" (Account No. 1F0200) and "Miles Q. Fiterman Nonexempt Marital Trust" (Account No. 1T0015), with the account addresses reported as Golden Valley, Minnesota. Upon information and belief, the trustees of the Fiterman Non-Exempt Marital Trust are Shirley

Fiterman, Valerie Herschman, and Steven Fiterman. Upon further information and belief, the Fiterman Non-Exempt Marital Trust received assets from the Fiterman Revocable Trust, and Shirley Fiterman is the sole beneficiary of the trust.

12. Upon information and belief, Initial Transferee Defendant Towers Management is a limited liability company that was formed under the laws of the State of Minnesota. Its principal place of business is located at Golden Valley, Minnesota. Towers Management previously held BLMIS Account No. 1T0015 in the name, "Towers Management Securities Deposit Escrow A/C."

13. Initial Transferee Defendant and Subsequent Transferee Defendant Shirley Fiterman is Fitermans's wife and maintains her residences in Palm Beach, Florida and New York, New York. Shirley Fiterman holds a BLMIS account in the name "Shirley Fiterman" (Account No. 1F0198), with the account address reported as Golden Valley, Minnesota. Upon information and belief, Shirley Fiterman is a trustee and a beneficiary of the Fiterman Revocable Trust and the Fiterman Non-Exempt Marital Trust, and a beneficiary of the Fiterman Exempt Marital Trust and the Fiterman Family Trust. Upon further information and belief, Shirley Fiterman, directly or indirectly through the Fiterman Revocable Trust, received initial transfers from BLMIS.

14. Upon information and belief, Subsequent Transferee Defendant Fiterman Exempt Marital Trust is a trust that was formed under the laws of the State of Florida, with addresses at Golden Valley, Minnesota, and Palm Beach, Florida. Upon further information and belief, the Fiterman Exempt Marital Trust received assets from the Fiterman Revocable Trust, and Shirley Fiterman is its sole beneficiary.

15. Upon information and belief, Subsequent Transferee Defendant Fiterman Family Trust is a trust that was formed under the laws of the State of Florida, with addresses at Golden

Valley, Minnesota, and Palm Beach, Florida. Upon information and belief, the Fiterman Family Trust received assets from the Fiterman Revocable Trust.

16. Subsequent Transferee Defendant Steven Fiterman is Fiterman's son, and maintains his residences in Naples, Florida and Minneapolis, Minnesota. Upon information and belief, Steven Fiterman is a trustee of the Fiterman Revocable Trust and the Fiterman Non-Exempt Marital Trust, and a beneficiary of the Fiterman Family Trust.

17. Subsequent Transferee Defendant Valerie Herschman (née Fiterman) is Fiterman's daughter, and maintains her residences in Palm Beach Gardens, Florida and Minnetonka, Minnesota. Upon information and belief, Valerie Herschman is a trustee of the Fiterman Revocable Trust and the Fiterman Non-Exempt Marital Trust, and a beneficiary of the Fiterman Family Trust.

18. Subsequent Transferee Defendant Karen Wasserman (née Fiterman) is Fiterman's daughter, and maintains her residence in Las Vegas, Nevada. Upon information and belief, Karen Wasserman is a beneficiary of the Fiterman Family Trust.

19. Subsequent Transferee Defendant Lynn Guez (née Fiterman) is Fiterman's daughter, and maintains her residence in Boca Raton, Florida. Upon information and belief, Lynn Guez is a beneficiary of the Fiterman Family Trust.

20. Subsequent Transferee Defendant Stephanie Rosenthal (née Fiterman) is Steven Fiterman's daughter and Fiterman's granddaughter. Stephanie Rosenthal maintains her residence in Bradenton, Florida, and upon information and belief, is a beneficiary of the Fiterman Family Trust.

21. Subsequent Transferee Defendant Miles Q. Fiterman II is Steven Fiterman's son and Fiterman's grandson. Miles Q. Fiterman II maintains his residence in Minneapolis, Minnesota, and upon information and belief, is a beneficiary of the Fiterman Family Trust.

22. Subsequent Transferee Defendant Matthew Fiterman is Steven Fiterman's son and Fiterman's grandson. Matthew Fiterman maintains his residence in Naples, Florida, and upon information and belief, is a beneficiary of the Fiterman Family Trust.

## BACKGROUND, THE TRUSTEE, AND STANDING

23. On December 11, 2008 (the "Filing Date"),[2] Madoff was arrested by federal agents for violation of the criminal securities laws, including, *inter alia*, securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court which commenced the District Court Proceeding against Madoff and BLMIS. The District Court Proceeding remains pending in the District Court. The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

24. On December 12, 2008, The Honorable Louis L. Stanton of the District Court entered an order appointing Lee S. Richards, Esq. (the "Receiver") as receiver for the assets of BLMIS.

25. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(4)(B) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

---

[2] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." 15 U.S.C. § 78*lll*(7)(B). Thus, even though the application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

26. Also on December 15, 2008, Judge Stanton granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

    a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    c. removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

By this Protective Decree, the Receiver was removed as Receiver for BLMIS.

27. By orders dated December 23, 2008 and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the estate of BLMIS.

28. At a Plea Hearing on March 12, 2009 in the case captioned *United States v. Madoff*, Case No. 09-CR-213(DC), Madoff pled guilty to an eleven-count criminal information filed against him by the United States Attorneys' Office for the Southern District of New York. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." Plea Allocution of Bernard L. Madoff at 23, *United States v. Madoff,* No. 09-CR-213 (DC) (S.D.N.Y. March 12, 2009) (Docket No. 50). Additionally, Madoff asserted "[a]s I engaged in my fraud, I knew what I was doing [was] wrong, indeed criminal." *Id.* Madoff was sentenced on June 29, 2009 to 150 years in prison.

29. On August 11, 2009, a former BLMIS employee, Frank DiPascali, pled guilty to participating in and conspiring to perpetuate the Ponzi scheme. At a Plea Hearing on August 11, 2009 in the case entitled *United States v. DiPascali,* Case No. 09-CR-764 (RJS), DiPascali pled guilty to a ten-count criminal information. Among other things, DiPascali admitted that the

fictitious scheme had begun at BLMIS since at least the 1980s. Plea Allocution of Frank DiPascali at 46, *United States v. DiPascali,* No. 09-CR-764 (RJS) (S.D.N.Y. Aug. 11, 2009) (Docket No. 11).

30. As the Trustee appointed under SIPA, the Trustee is charged with recovering and paying out customer property to BLMIS' customers, assessing claims, and liquidating any other assets of the firm for the benefit of the estate and its creditors. The Trustee is in the process of marshalling BLMIS' assets, and the liquidation of BLMIS' assets is well underway. However, such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested with BLMIS over the years. Consequently, the Trustee must use his authority under SIPA and the Bankruptcy Code to pursue recovery from customers who received preferences and/or payouts of fictitious profits to the detriment of other defrauded customers whose money was consumed by the Ponzi scheme. Absent this or other recovery actions, the Trustee will be unable to satisfy the claims described in subparagraphs (A) through (D) of SIPA section 78fff-2(c)(1).

31. Pursuant to section 78fff-1(a), the Trustee has the general powers of a bankruptcy trustee in a case under the Bankruptcy Code in addition to the powers granted by SIPA pursuant to SIPA section 78fff(b). Chapters 1, 3, 5 and subchapters I and II of chapter 7 of the Bankruptcy Code apply to this proceeding to the extent consistent with SIPA.

32. Pursuant to sections 78fff(b) and 78*lll*(7)(B) of SIPA, the Filing Date is deemed to be the date of the filing of the petition within the meaning of section 548 of the Bankruptcy Code and the date of the commencement of the case within the meaning of section 544 of the Bankruptcy Code.