## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a), AND 551

74. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

75. Each of the Two Year Transfers was made on or within two years before the Filing Date.

76. Each of the Two Year Transfers constituted a transfer of an interest of BLMIS in property within the meaning of section 101(54) of the Bankruptcy Code and pursuant to section 78fff-2(c)(3) of SIPA.

77. BLMIS received less than reasonably equivalent value in exchange for each of the Two Year Transfers.

78. At the time of each of the Two Year Transfers, BLMIS was insolvent, or became insolvent as a result of the Two Year Transfers.

79. At the time of each of the Two Year Transfers, BLMIS was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with BLMIS was an unreasonably small capital.

80. At the time BLMIS made each of the Two Year Transfers, BLMIS had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

81. Each of the Two Year Transfers constitutes a fraudulent transfer avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and recoverable from the Fiterman Non-Exempt Marital Trust pursuant to section 550(a) of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA.

82. As a result of the foregoing, pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment (i)

against the Fiterman Non-Exempt Marital Trust: (a) avoiding and preserving the Two Year Transfers, (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers, or the value thereof, from the Fiterman Non-Exempt Marital Trust for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Two Year Transfers from the Fiterman Non-Exempt Marital Trust to the Trustee for the benefit of the estate of BLMIS.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278, AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

83. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

84. At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

85. Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

86. Each of the Six Year Transfers was made by BLMIS with the actual intent to hinder, delay, or defraud the creditors of BLMIS. BLMIS made each of the Six Year Transfers to, or for the benefit of, the Initial Transferee Defendants in furtherance of a fraudulent investment scheme.

87. As a result of the foregoing, pursuant to DCL sections 276, 278, and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment (i) against the Initial Transferee Defendants: (a) avoiding and

preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Six Year Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278, AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

88. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

89. At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

90. Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

91. BLMIS did not receive fair consideration for any of the Six Year Transfers.

92. BLMIS was insolvent, or became insolvent as a result of the Six Year Transfers.

93. As a result of the foregoing, pursuant to DCL sections 273, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment (i) against the Initial Transferee Defendants: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants

directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Six Year Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278, AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

94. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

95. At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

96. Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

97. BLMIS did not receive fair consideration for any of the Six Year Transfers.

98. At the time BLMIS made each of the Six Year Transfers, BLMIS was engaged or was about to engage in a business or transaction for which the property remaining in its hands after each of the Six Year Transfers was an unreasonably small capital.

99. As a result of the foregoing, pursuant to DCL sections 274, 278, and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment (i) against the Initial Transferee Defendants: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender

and transfer of such avoided Six Year Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS.

**COUNT SIX**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278, AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551**

100. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

101. At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

102. Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

103. BLMIS did not receive fair consideration for any of the Six Year Transfers.

104. At the time BLMIS made each of the Six Year Transfers, BLMIS had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

105. As a result of the foregoing, pursuant to DCL sections 275, 278, and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment (i) against the Initial Transferee Defendants: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender

and transfer of such avoided Six Year Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER - NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(a), AND 551

106. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

107. Each of the Transfers is avoidable under sections 544 and 548 of the Bankruptcy Code, DCL sections 273, 274, 275, and/or 276 and section 78fff-2(c)(3) of SIPA.

108. Upon information and belief, the Subsequent Transfers were transferred by the Initial Transferee Defendants to the Subsequent Transferee Defendants.

109. Each of the Subsequent Transfers was made directly or indirectly to the Subsequent Transferee Defendants.

110. The Subsequent Transferee Defendants are immediate or mediate transferees of the Subsequent Transfers from the Initial Transferee Defendants.

111. As a result of the foregoing and the avoidance of the within Transfers, pursuant to DCL sections 278 and/or 279, sections 544(b), 548(a), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment against the Subsequent Transferee Defendants recovering the Subsequent Transfers, or the value thereof, from the Subsequent Transferee Defendants for the benefit of the estate of BLMIS.

## COUNT EIGHT
## DISALLOWANCE OF RELATED ACCOUNT CUSTOMER CLAIMS

112. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

113. Defendant Shirley Fiterman, and Subsequent Transferee Defendants Steven Fiterman, Valerie Herschman, Karen Wasserman, Lynn Guez, Stephanie Fiterman, Miles Q.

Fiterman II, and Matthew Fiterman, either directly or indirectly as members of MSM Investment and Fairway II, are the absolute owners of one or more of the Related Accounts and/or have beneficial or equitable interests in one or more of the Related Accounts.

114. The Related Account Customer Claims (Claim Nos. 003156 for Shirley Fiterman; 003077 for Fairway Partnership II; and 003162 for MSM Investment) should not be allowed pursuant to section 502(d) of the Bankruptcy Code. The Defendants are the recipients of Transfers and Subsequent Transfers of BLMIS' property which are avoidable and recoverable under section 78fff-2 (c) (3) of SIPA and sections 544, 548, and/or 550 of the Bankruptcy Code, DCL sections 273, 274, 275, and 276 and section 78fff-2 (c) (3) of SIPA, and the Defendants have not returned the Transfers and the Subsequent Transfers to the Trustee.

115. The Claims Procedures Order includes a process for determination and allowance of claims under which the Trustee has been operating. As a result of the foregoing, the Trustee intends to resolve the Related Account Customer Claims and any related objections through the mechanisms contemplated by the Claims Procedures Order.

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against the Defendants and Trustee Defendants as follows:

i. On the First Claim for Relief, pursuant to sections 548(a)(1)(A), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (i) against the Fiterman Non-Exempt Marital Trust: (a) avoiding and preserving the Two Year Transfers, (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers, or the value thereof, from the Fiterman Non-Exempt Marital Trust for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer, or to otherwise facilitate the surrender and transfer of, such avoided Two Year Transfers from the Fiterman Non-Exempt Marital Trust to the Trustee for the benefit of the estate of BLMIS;

ii. On the Second Claim for Relief, pursuant to sections 548(a)(1)(B), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (i) against the Fiterman Non-Exempt Marital Trust: (a) avoiding and preserving the Two Year Transfers, (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Two Year Transfers from the Fiterman Non-Exempt Marital Trust to the Trustee for the benefit of the estate of BLMIS;

iii. On the Third Claim for Relief, pursuant to DCL sections 276, 278, and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (i) against the Initial Transferee Defendants: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Six Year Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS;

iv. On the Fourth Claim for Relief, pursuant to DCL sections 273, 278, and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (i) against the Initial Transferee Defendants: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Six Year

Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS;

    v.  On the Fifth Claim for Relief, pursuant to DCL sections 274, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (i) against the Initial Transferee Defendants (a) avoiding and preserving the Six Year Transfers, (b) directing the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Six Year Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS;

    vi.  On the Sixth Claim for Relief, pursuant to DCL sections 275, 278 and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (i) against the Initial Transferee Defendants (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from the Initial Transferee Defendants for the benefit of the estate of BLMIS; and (ii) against the Trustee Defendants directing the Trustee Defendants to surrender and transfer or to otherwise facilitate the surrender and transfer of such avoided Six Year Transfers from the Initial Transferee Defendants to the Trustee for the benefit of the estate of BLMIS;

    vii.  On the Seventh Claim for Relief as a result of the avoidance of the within Transfers, pursuant to DCL section 278 and/or 279, sections 544(b), 548, 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: recovering the Subsequent Transfers, or the value thereof, from the Subsequent Transferee Defendants for the benefit of the estate of BLMIS;

viii. On the Eighth Claim for Relief, Claim for Relief, the Related Account Customer Claims should not be allowed pursuant to section 502(d) of the Bankruptcy Code unless and until the Transfers and Subsequent Transfers are paid or turned over;

ix. On all Claims for Relief, pursuant to federal common law and N.Y. CPLR 5001 and 5004 awarding the Trustee prejudgment interest from the date on which the Transfers were received;

x. On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfers and Subsequent Transfers in favor of the Trustee for the benefit of BLMIS' estate;

xi. On all Claims for Relief, assignment of the Defendants' and Subsequent Transferee Defendants' income tax refunds from the United States, state and local governments for taxes paid on fictitious profits during the course of the scheme;

xii. On all Claims for Relief, awarding the Trustee all applicable interest, costs, and disbursements of this action; and

xiii. On all Claims for Relief, granting Plaintiff such other, further, and different relief as the Court deems just, proper and equitable.

Date: New York, New York
December 3, 2010

                         **WINDELS MARX LANE & MITTENDORF, LLP**

                         /s/ Regina Griffin
                         Regina Griffin (rgriffin@windelsmarx.com)
                         Howard L. Simon (hsimon@windelsmarx.com)
                         Stacey A. Bell (sbell@windelsmarx.com)
                         156 West 56th Street
                         New York, New York 10019
                         Telephone: (212) 237-1000
                         Facsimile: (212) 262-1215

                         *Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Exhibit A

| BLMIS Account Name | BLMIS Account Number |
|---|---|
| MILES Q FITERMAN REVOCABLE TST MILES Q FITERMAN TRUSTEE | 1F0021 |
| MILES Q FITERMAN NON-EXEMPT MARITAL TRUST C/O TOWERS MANAGEMENT CO | 1F0200 |
| MILES Q FITERMAN NONEXEMPT MARITAL TRUST | 1T0015 |

MADC1054_00000001

| Column 1<br>Date | Column 2<br>Transaction<br>Description | Column 3<br>Transaction Amount<br>Reported in<br>Customer Statement | Column 4<br>Cash<br>Deposits | Column 5<br>Cash<br>Withdrawals | Column 6<br>Transfers of<br>Principal In | Column 7<br>Transfers of<br>Principal Out | Column 8<br>Balance of<br>Principal | Column 9<br>90-Day<br>Preferential<br>Transfers | Column 10<br>2-Year<br>Fraudulent<br>Transfers | Column 11<br>6-Year<br>Fraudulent<br>Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/16/1987 | CHECK WIRE | 3,500,000 | 3,500,000 | - | - | - | 3,500,000 | - | - | - |
| 1/25/1988 | CHECK WIRE | 4,200,000 | 4,200,000 | - | - | - | 7,700,000 | - | - | - |
| 3/29/1988 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | - | - | - | - | - | 7,700,000 | - | - | - |
| 3/29/1988 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | - | - | - | - | - | 7,700,000 | - | - | - |
| 5/25/1988 | CHECK WIRE A/O 05/23/88 | 1,000,000 | 1,000,000 | - | - | - | 8,700,000 | - | - | - |
| 5/31/1988 | CHECK WIRE A/O 05/23/88 | 1,000,000 | 1,000,000 | - | - | - | 9,700,000 | - | - | - |
| 6/1/1988 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 507,641 | 507,641 | - | - | - | 10,207,641 | - | - | - |
| 6/1/1988 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 148,431 | 148,431 | - | - | - | 10,356,072 | - | - | - |
| 6/2/1988 | CHECK WIRE | (656,072) | - | (656,072) | - | - | 9,700,000 | - | - | - |
| 6/9/1988 | CXL C & S 5/31/88 DUPLICATE | (1,000,000) | (1,000,000) | - | - | - | 8,700,000 | - | - | - |
| 6/28/1988 | CHECK WIRE | 1,000,000 | 1,000,000 | - | - | - | 9,700,000 | - | - | - |
| 7/12/1988 | CHECK WIRE 07/11/88 | 1,500,000 | 1,500,000 | - | - | - | 11,200,000 | - | - | - |
| 7/18/1988 | CHECK | 4,500,000 | 4,500,000 | - | - | - | 15,700,000 | - | - | - |
| 7/19/1988 | CHECK WIRE 07/18/88 | 4,500,000 | 4,500,000 | - | - | - | 20,200,000 | - | - | - |
| 7/19/1988 | CANCEL CHECK 07/18/88 | (4,500,000) | (4,500,000) | - | - | - | 15,700,000 | - | - | - |
| 12/1/1988 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 507,641 | 507,641 | - | - | - | 16,207,641 | - | - | - |
| 12/1/1988 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 148,431 | 148,431 | - | - | - | 16,356,072 | - | - | - |
| 12/5/1988 | CHECK WIRE | 343,928 | 343,928 | - | - | - | 16,700,000 | - | - | - |
| 12/9/1988 | TRANS FROM S FITERMAN (1F0023) | 300,000 | - | - | 300,000 | - | 17,000,000 | - | - | - |
| 12/27/1988 | CHECK WIRE | 1,000,000 | 1,000,000 | - | - | - | 18,000,000 | - | - | - |
| 12/30/1988 | WIRE 12/27/88 | 1,000,000 | 1,000,000 | - | - | - | 19,000,000 | - | - | - |
| 12/30/1988 | WIRE 12/27/88 CANCEL | (1,000,000) | (1,000,000) | - | - | - | 18,000,000 | - | - | - |
| 1/3/1989 | TRANS TO 10063650 (1F0022) | (1,000,000) | - | - | - | (1,000,000) | 17,000,000 | - | - | - |
| 1/31/1989 | TRANS TO 10063650 (1F0022) | (1,657,370) | - | - | - | (1,657,370) | 15,342,630 | - | - | - |
| 6/1/1989 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 507,641 | 507,641 | - | - | - | 15,850,271 | - | - | - |
| 6/1/1989 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 148,431 | 148,431 | - | - | - | 15,998,702 | - | - | - |
| 6/5/1989 | CHECK WIRE | (656,072) | - | (656,072) | - | - | 15,342,630 | - | - | - |
| 11/30/1989 | ADJUSTING ENTRY BASED ON PMR | (1,910,938) | - | (1,910,938) | - | - | 13,431,693 | - | - | - |
| 12/1/1989 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 148,431 | 148,431 | - | - | - | 13,580,124 | - | - | - |
| 12/1/1989 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 507,641 | 507,641 | - | - | - | 14,087,765 | - | - | - |
| 12/1/1989 | TRANS TO 10063650 (1F0022) | (148,431) | - | - | - | (148,431) | 13,939,333 | - | - | - |
| 12/1/1989 | TRANS TO 10063650 (1F0022) | (507,641) | - | - | - | (507,641) | 13,431,693 | - | - | - |
| 12/7/1989 | CHECK WIRE | 2,500,000 | 2,500,000 | - | - | - | 15,931,693 | - | - | - |
| 1/26/1990 | TRANS TO 10063650 (1F0022) | (2,119,838) | - | - | - | (2,119,838) | 13,811,854 | - | - | - |
| 3/19/1990 | CHECK WIRE | 2,000,000 | 2,000,000 | - | - | - | 15,811,854 | - | - | - |
| 6/1/1990 | CHECK | 656,072 | 656,072 | - | - | - | 16,467,926 | - | - | - |
| 6/1/1990 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 507,641 | 507,641 | - | - | - | 16,975,567 | - | - | - |
| 6/1/1990 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 148,431 | 148,431 | - | - | - | 17,123,998 | - | - | - |
| 6/1/1990 | CANCEL 06/01/90 DUPLICATE | (656,072) | (656,072) | - | - | - | 16,467,926 | - | - | - |
| 9/19/1990 | CHECK WIRE | 750,000 | 750,000 | - | - | - | 17,217,926 | - | - | - |
| 12/3/1990 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 507,641 | 507,641 | - | - | - | 17,725,567 | - | - | - |
| 12/3/1990 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 148,431 | 148,431 | - | - | - | 17,873,998 | - | - | - |
| 12/7/1990 | WIRE MUNI INTEREST | (656,072) | - | (656,072) | - | - | 17,217,926 | - | - | - |
| 1/2/1991 | TR TO GRANDCHILD TST 12/17/90 (1F0019) | (100,000) | - | - | - | (100,000) | 17,117,926 | - | - | - |
| 1/22/1991 | CHECK WIRE | (1,100,000) | - | (1,100,000) | - | - | 16,017,926 | - | - | - |
| 1/31/1991 | TRANS TO 10063650 (1F0022) | (2,120,327) | - | - | - | (2,120,327) | 13,897,599 | - | - | - |
| 2/25/1991 | CHECK WIRE | 300,000 | 300,000 | - | - | - | 14,197,599 | - | - | - |
| 2/26/1991 | CHECK WIRE | 3,200,000 | 3,200,000 | - | - | - | 17,397,599 | - | - | - |
| 4/17/1991 | CHECK WIRE | (1,500,000) | - | (1,500,000) | - | - | 15,897,599 | - | - | - |
| 6/3/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 148,431 | 148,431 | - | - | - | 16,046,030 | - | - | - |
| 6/3/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 507,641 | 507,641 | - | - | - | 16,553,671 | - | - | - |
| 6/4/1991 | CHECK TAX EXEMPT INTEREST 6/1 | (507,641) | - | (507,641) | - | - | 16,046,030 | - | - | - |
| 6/4/1991 | CHECK TAX EXEMPT INTEREST 6/1 | (148,431) | - | (148,431) | - | - | 15,897,599 | - | - | - |
| 7/3/1991 | CHECK | 1,000,000 | 1,000,000 | - | - | - | 16,897,599 | - | - | - |
| 9/24/1991 | CHECK | (500,000) | - | (500,000) | - | - | 16,397,599 | - | - | - |
| 9/25/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 953,801 | 953,801 | - | - | - | 17,351,400 | - | - | - |
| 9/25/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 953,801 | 953,801 | - | - | - | 18,305,202 | - | - | - |
| 9/25/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 953,801 | 953,801 | - | - | - | 19,259,003 | - | - | - |
| 9/25/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 953,801 | 953,801 | - | - | - | 20,212,804 | - | - | - |
| 9/25/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 953,801 | 953,801 | - | - | - | 21,166,606 | - | - | - |
| 10/8/1991 | CHECK | 500,000 | 500,000 | - | - | - | 21,666,606 | - | - | - |
| 10/9/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 794,224 | 794,224 | - | - | - | 22,460,830 | - | - | - |
| 10/9/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 794,224 | 794,224 | - | - | - | 23,255,054 | - | - | - |
| 10/9/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 794,224 | 794,224 | - | - | - | 24,049,278 | - | - | - |
| 12/2/1991 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDING | 430,625 | 430,625 | - | - | - | 24,479,903 | - | - | - |
| 12/31/1991 | TRANS TO M&S FITERMAN FDN (1F0020) | (2,999,700) | - | - | - | (2,999,700) | 21,480,203 | - | - | - |
| 1/29/1992 | MISSOURI ST HEALTH & EDL FACS AUTH HEALTH FACS REV REFUNDIN | 13,268,757 | 13,268,757 | - | - | - | 34,748,960 | - | - | - |
| 2/20/1992 | TRANS TO 10080030 (1H0028) | (2,000,000) | - | - | - | (2,000,000) | 32,748,960 | - | - | - |
| 2/20/1992 | TRANS TO 10070030 (1G0077) | (2,000,000) | - | - | - | (2,000,000) | 30,748,960 | - | - | - |
| 2/28/1992 | TRANS FROM 10063650 (1F0022) | 4,912 | - | - | 4,912 | - | 30,753,872 | - | - | - |
| 5/15/1992 | CHECK WIRE | (5,400,000) | - | (5,400,000) | - | - | 25,353,872 | - | - | - |

BLMIS ACCOUNT NO. 1F0021 - MILES Q FITERMAN REVOCABLE TST MILES Q FITERMAN TRUSTEE

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/18/1992 | CHECK | 4,200,000 | 4,200,000 | - | - | - | 29,553,872 | - | - | - |
| 6/18/1992 | CHECK | 1,800,000 | 1,800,000 | - | - | - | 31,353,872 | - | - | - |
| 6/22/1992 | CHECK WIRE | (1,800,000) | - | (1,800,000) | - | - | 29,553,872 | - | - | - |
| 7/9/1992 | CHECK | 4,800,000 | 4,800,000 | - | - | - | 34,353,872 | - | - | - |
| 9/15/1992 | CHECK | (1,000,000) | - | (1,000,000) | - | - | 33,353,872 | - | - | - |
| 9/23/1992 | STOP PAYMENT | 1,000,000 | - | 1,000,000 | - | - | 34,353,872 | - | - | - |
| 9/23/1992 | CHECK WIRE | (1,000,000) | - | (1,000,000) | - | - | 33,353,872 | - | - | - |
| 12/3/1992 | CHECK WIRE | (13,215) | - | (13,215) | - | - | 33,340,656 | - | - | - |
| 12/30/1992 | TRANS TO 1F001930 (1F0019) | (220,000) | - | - | - | (220,000) | 33,120,656 | - | - | - |
| 12/30/1992 | TRANS TO 1F001930 (1F0019) | (100,000) | - | - | - | (100,000) | 33,020,656 | - | - | - |
| 12/31/1992 | TRANS FROM 1H002830 (1H0028) | 111,885 | - | - | 111,885 | - | 33,132,541 | - | - | - |
| 12/31/1992 | TRANS FROM 1G007730 (1G0077) | 111,885 | - | - | 111,885 | - | 33,244,426 | - | - | - |
| 1/20/1993 | CHECK WIRE | (3,500,000) | - | (3,500,000) | - | - | 29,744,426 | - | - | - |
| 2/26/1993 | CHECK | 1,300,000 | 1,300,000 | - | - | - | 31,044,426 | - | - | - |
| 2/26/1993 | CHECK WIRE | 1,300,000 | 1,300,000 | - | - | - | 32,344,426 | - | - | - |
| 2/26/1993 | CXL CHECK | (1,300,000) | (1,300,000) | - | - | - | 31,044,426 | - | - | - |
| 4/19/1993 | CHECK WIRE | (3,250,000) | - | (3,250,000) | - | - | 27,794,426 | - | - | - |
| 6/21/1993 | CHECK WIRE | (1,300,000) | - | (1,300,000) | - | - | 26,494,426 | - | - | - |
| 7/12/1993 | TRANS FROM 1F002230 (1F0022) | 9,000,000 | - | - | 9,000,000 | - | 35,494,426 | - | - | - |
| 8/20/1993 | TRANS FROM 50 ACCT (1F0022) | 1,342,013 | - | - | 1,342,013 | - | 36,836,440 | - | - | - |
| 9/20/1993 | CHECK WIRE | (750,000) | - | (750,000) | - | - | 36,086,440 | - | - | - |
| 9/23/1993 | TRANS FROM 1F002250 (1F0022) | 6,600,000 | - | - | 6,600,000 | - | 42,686,440 | - | - | - |
| 9/30/1993 | TRANS FROM 50 ACCT (1F0022) | 3,625,000 [1] | - | - | 2,756,682 | - | 45,443,122 | - | - | - |
| 11/16/1993 | CHECK WIRE A/O 11/15/93 | (8,000,000) | - | (8,000,000) | - | - | 37,443,122 | - | - | - |
| 12/15/1993 | CHECK | 18,200,000 | 18,200,000 | - | - | - | 55,643,122 | - | - | - |
| 12/28/1993 | TRANS TO 1F002030 (1F0020) | (7,750,000) | - | - | - | (7,750,000) | 47,893,122 | - | - | - |
| 12/28/1993 | TRANS TO 1F001930 (1F0019) | (220,000) | - | - | - | (220,000) | 47,673,122 | - | - | - |
| 12/28/1993 | TRANS FROM 1G007730 (1G0077) | 130,000 | - | - | 130,000 | - | 47,803,122 | - | - | - |
| 12/28/1993 | TRANS FROM 1H002830 (1H0028) | 130,000 | - | - | 130,000 | - | 47,933,122 | - | - | - |
| 1/19/1994 | TRANS FROM 50 ACCT (1F0022) | 166,280 [2] | - | - | - | - | 47,933,122 | - | - | - |
| 1/24/1994 | CHECK | (1,700,000) | - | (1,700,000) | - | - | 46,233,122 | - | - | - |
| 3/1/1994 | TRANS TO 1G007730 (1G0077) | (2,000,000) | - | - | - | (2,000,000) | 44,233,122 | - | - | - |
| 3/21/1994 | CHECK | (300,000) | - | (300,000) | - | - | 43,933,122 | - | - | - |
| 4/4/1994 | TRANS FROM 50 ACCT (1F0022) | 27,278 [2] | - | - | - | - | 43,933,122 | - | - | - |
| 4/6/1994 | CHECK WIRE | 5,000,000 | 5,000,000 | - | - | - | 48,933,122 | - | - | - |
| 4/19/1994 | CHECK | (3,300,000) | - | (3,300,000) | - | - | 45,633,122 | - | - | - |
| 6/2/1994 | CHECK | (350,000) | - | (350,000) | - | - | 45,283,122 | - | - | - |
| 6/22/1994 | CHECK | (2,500,000) | - | (2,500,000) | - | - | 42,783,122 | - | - | - |
| 7/7/1994 | CHECK | 9,500,000 | 9,500,000 | - | - | - | 52,283,122 | - | - | - |
| 9/14/1994 | CHECK | (200,000) | - | (200,000) | - | - | 52,083,122 | - | - | - |
| 9/21/1994 | CHECK | (2,800,000) | - | (2,800,000) | - | - | 49,283,122 | - | - | - |
| 12/27/1994 | TRANS TO 1G007730 (1G0077) | (20,000) | - | - | - | (20,000) | 49,263,122 | - | - | - |
| 12/27/1994 | TRANS TO 1F001930 (1F0019) | (108,333) | - | - | - | (108,333) | 49,154,789 | - | - | - |
| 12/27/1994 | TRANS TO 1H002830 (1H0028) | (20,000) | - | - | - | (20,000) | 49,134,789 | - | - | - |
| 12/27/1994 | TRANS TO 1G007730 (1G0077) | (20,000) | - | - | - | (20,000) | 49,114,789 | - | - | - |
| 12/27/1994 | TRANS FROM 1G007730 (1G0077) | 108,333 | - | - | 108,333 | - | 49,223,122 | - | - | - |
| 12/27/1994 | TRANS FROM 1G007730 (1G0077) | 130,000 | - | - | 130,000 | - | 49,353,122 | - | - | - |
| 12/27/1994 | TRANS FROM 1H002830 (1H0028) | 130,000 | - | - | 130,000 | - | 49,483,122 | - | - | - |
| 1/3/1995 | TRANS TO 1F007730 (1F0077) | (3,000,000) | - | - | - | (3,000,000) | 46,483,122 | - | - | - |
| 1/12/1995 | TR TO 1F001930 A/O 12/30/94 (1F0019) | (71,667) | - | - | - | (71,667) | 46,411,455 | - | - | - |
| 1/19/1995 | CHECK | (3,250,000) | - | (3,250,000) | - | - | 43,161,455 | - | - | - |
| 2/3/1995 | CHECK WIRE | (28,800,000) | - | (28,800,000) | - | - | 14,361,455 | - | - | - |
| 3/7/1995 | CHECK WIRE | 28,750,000 | 28,750,000 | - | - | - | 43,111,455 | - | - | - |
| 7/5/1995 | CHECK | (500,000) | - | (500,000) | - | - | 42,611,455 | - | - | - |
| 8/21/1995 | TRANS TO 1G010530 (1G0105) | (1,000,000) | - | - | - | (1,000,000) | 41,611,455 | - | - | - |
| 8/21/1995 | TRANS TO L GUEZ (1G0105) | (1,000,000) | - | - | - | (1,000,000) | 40,611,455 | - | - | - |
| 9/20/1995 | CHECK | (1,500,000) | - | (1,500,000) | - | - | 39,111,455 | - | - | - |
| 9/29/1995 | TRANS FROM 1F007730 (1F0077) | 9,478,125 [1] | - | - | 7,078,618 | - | 46,190,073 | - | - | - |
| 10/23/1995 | CHECK | (650,000) | - | (650,000) | - | - | 45,540,073 | - | - | - |
| 12/29/1995 | TRANS TO 1F001930 (1F0019) | (180,000) | - | - | - | (180,000) | 45,360,073 | - | - | - |
| 12/29/1995 | TRANS TO 1G007730 (1G0077) | (20,000) | - | - | - | (20,000) | 45,340,073 | - | - | - |
| 12/29/1995 | TRANS FROM 1G010530 (1G0105) | 2,000,000 [1] | - | - | 1,939,104 | - | 47,279,177 | - | - | - |
| 12/29/1995 | TRANS FROM 1G010530 (1G0105) | 62,808 [1] | - | - | 60,896 | - | 47,340,073 | - | - | - |
| 1/2/1996 | TRANS TO 1F007730 (1F0077) | (20,000,000) | - | - | - | (20,000,000) | 27,340,073 | - | - | - |
| 1/18/1996 | CHECK | (2,200,000) | - | (2,200,000) | - | - | 25,140,073 | - | - | - |
| 3/11/1996 | CHECK | (300,000) | - | (300,000) | - | - | 24,840,073 | - | - | - |
| 4/11/1996 | CHECK | (200,000) | - | (200,000) | - | - | 24,640,073 | - | - | - |
| 4/19/1996 | CHECK | (2,750,000) | - | (2,750,000) | - | - | 21,890,073 | - | - | - |
| 6/20/1996 | CHECK | (2,300,000) | - | (2,300,000) | - | - | 19,590,073 | - | - | - |

MADC1054_00000003

BLMIS ACCOUNT NO. 1F0021 - MILES Q FITERMAN REVOCABLE TST MILES Q FITERMAN TRUSTEE

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 6/25/1996 | CHECK | 10,000,000 | 10,000,000 | - | - | - | 29,590,073 | - | - | - |
| 8/8/1996 | CHECK | (500,000) | - | (500,000) | - | - | 29,090,073 | - | - | - |
| 9/18/1996 | CHECK | (2,300,000) | - | (2,300,000) | - | - | 26,790,073 | - | - | - |
| 11/21/1996 | CHECK | (600,000) | - | (600,000) | - | - | 26,190,073 | - | - | - |
| 12/31/1996 | TRANS TO 1F008630 (1F0086) | (20,000) | - | - | - | (20,000) | 26,170,073 | - | - | - |
| 12/31/1996 | TRANS TO 1F008630 (1F0086) | (20,000) | - | - | - | (20,000) | 26,150,073 | - | - | - |
| 12/31/1996 | TRANS TO 1F008630 (1F0086) | (180,000) | - | - | - | (180,000) | 25,970,073 | - | - | - |
| 12/31/1996 | TRANS FROM 1F007730 (1F0077) | 1,650,000 | - | - | 1,650,000 | - | 27,620,073 | - | - | - |
| 12/31/1996 | TRANS FROM 1F007730 (1F0077) | 5,000,000 | - | - | 5,000,000 | - | 32,620,073 | - | - | - |
| 1/2/1997 | TRANS TO 1F007730 (1F0077) | (5,000,000) | - | - | - | (5,000,000) | 27,620,073 | - | - | - |
| 1/17/1997 | CHECK | (2,500,000) | - | (2,500,000) | - | - | 25,120,073 | - | - | - |
| 3/5/1997 | CHECK WIRE | (1,600,000) | - | (1,600,000) | - | - | 23,520,073 | - | - | - |
| 3/24/1997 | CHECK | (500,000) | - | (500,000) | - | - | 23,020,073 | - | - | - |
| 4/18/1997 | CHECK | (1,750,000) | - | (1,750,000) | - | - | 21,270,073 | - | - | - |
| 5/29/1997 | CHECK | (400,000) | - | (400,000) | - | - | 20,870,073 | - | - | - |
| 6/19/1997 | CHECK | (2,600,000) | - | (2,600,000) | - | - | 18,270,073 | - | - | - |
| 8/27/1997 | CHECK | (600,000) | - | (600,000) | - | - | 17,670,073 | - | - | - |
| 9/23/1997 | CHECK WIRE | (2,000,000) | - | (2,000,000) | - | - | 15,670,073 | - | - | - |
| 10/29/1997 | CHECK WIRE | 18,000,000 | 18,000,000 | - | - | - | 33,670,073 | - | - | - |
| 12/31/1997 | TRANS FROM 1F007730 (1F0077) | 1,650,000 [1] | - | - | 1,266,252 | - | 34,936,326 | - | - | - |
| 12/31/1997 | TRANS FROM 1F007730 (1F0077) | 20,000,000 [1] | - | - | 15,348,515 | - | 50,284,840 | - | - | - |
| 1/2/1998 | TRANS TO 1F007730 (1F0077) | (30,000,000) | - | - | - | (30,000,000) | 20,284,840 | - | - | - |
| 4/21/1998 | CHECK WIRE | (3,000,000) | - | (3,000,000) | - | - | 17,284,840 | - | - | - |
| 6/23/1998 | CHECK WIRE | (2,600,000) | - | (2,600,000) | - | - | 14,684,840 | - | - | - |
| 8/14/1998 | CHECK | (800,000) | - | (800,000) | - | - | 13,884,840 | - | - | - |
| 9/16/1998 | CHECK WIRE | (2,750,000) | - | (2,750,000) | - | - | 11,134,840 | - | - | - |
| 10/30/1998 | CHECK WIRE | 10,000,000 | 10,000,000 | - | - | - | 21,134,840 | - | - | - |
| 11/30/1998 | CHECK WIRE | (750,000) | - | (750,000) | - | - | 20,384,840 | - | - | - |
| 12/31/1998 | TRANS TO 1F002030 (1F0020) | (7,000,000) | - | - | - | (7,000,000) | 13,384,840 | - | - | - |
| 12/31/1998 | TRANS FROM 1F007730 (1F0077) | 2,431,438 | - | - | 2,431,438 | - | 15,816,278 | - | - | - |
| 4/13/1999 | CHECK | (150,000) | - | (150,000) | - | - | 15,666,278 | - | - | - |
| 4/21/1999 | CHECK WIRE | (6,000,000) | - | (6,000,000) | - | - | 9,666,278 | - | - | - |
| 6/16/1999 | TRANS FROM 1F002030 (1F0020) | 150,000 | - | - | 150,000 | - | 9,816,278 | - | - | - |
| 6/18/1999 | CHECK WIRE | (2,750,000) | - | (2,750,000) | - | - | 7,066,278 | - | - | - |
| 9/20/1999 | CHECK WIRE | (3,000,000) | - | (3,000,000) | - | - | 4,066,278 | - | - | - |
| 9/23/1999 | CHECK WIRE | (4,000,000) | - | (4,000,000) | - | - | 66,278 | - | - | - |
| 12/31/1999 | TRANS FROM 1F007730 (1F0077) | 2,398,151 | - | - | 2,398,151 | - | 2,464,429 | - | - | - |
| 1/21/2000 | CHECK WIRE | (3,750,000) | - | (3,750,000) | - | - | (1,285,571) | - | - | - |
| 4/24/2000 | CHECK WIRE | (8,500,000) | - | (8,500,000) | - | - | (9,785,571) | - | - | - |
| 7/5/2000 | CHECK WIRE | 15,000,000 | 15,000,000 | - | - | - | 5,214,429 | - | - | - |
| 8/18/2000 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 4,714,429 | - | - | - |
| 9/18/2000 | CHECK WIRE | (5,000,000) | - | (5,000,000) | - | - | (285,571) | - | - | - |
| 12/28/2000 | CHECK WIRE | (2,250,000) | - | (2,250,000) | - | - | (2,535,571) | - | - | - |
| 12/29/2000 | TRANS FROM 1F007730 (1F0077) | 2,455,738 | - | - | 2,455,738 | - | (79,833) | - | - | - |
| 2/28/2001 | CHECK WIRE | (1,500,000) | - | (1,500,000) | - | - | (1,579,833) | - | - | - |
| 5/30/2001 | CHECK WIRE | (1,500,000) | - | (1,500,000) | - | - | (3,079,833) | - | - | - |
| 6/12/2001 | CHECK WIRE | 1,000,000 | 1,000,000 | - | - | - | (2,079,833) | - | - | - |
| 9/28/2001 | CHECK WIRE | (3,750,000) | - | (3,750,000) | - | - | (5,829,833) | - | - | - |
| 12/31/2001 | TRANS FROM 1F007730 (1F0077) | 2,073,486 | - | - | 2,073,486 | - | (3,756,347) | - | - | - |
| 1/22/2002 | CHECK WIRE | (2,000,000) | - | (2,000,000) | - | - | (5,756,347) | - | - | - |
| 3/11/2002 | CHECK WIRE | (600,000) | - | (600,000) | - | - | (6,356,347) | - | - | - |
| 4/22/2002 | CHECK WIRE | (6,500,000) | - | (6,500,000) | - | - | (12,856,347) | - | - | - |
| 5/2/2002 | CHECK WIRE | 1,000,000 | 1,000,000 | - | - | - | (11,856,347) | - | - | - |
| 8/19/2002 | CHECK WIRE | (1,200,000) | - | (1,200,000) | - | - | (13,056,347) | - | - | - |
| 12/31/2002 | CHECK WIRE | (1,841,569) | - | (1,841,569) | - | - | (14,897,916) | - | - | - |
| 12/31/2002 | TRANS FROM 1F007730 (1F0077) | 1,402,395 | - | - | 1,402,395 | - | (13,495,521) | - | - | - |
| 12/31/2002 | TRANS FROM 1H012530 (1H0125) | 236,057 [1] | - | - | 64,921 | - | (13,430,600) | - | - | - |
| 12/31/2002 | TRANS FROM 1G029330 (1G0293) | 96,196 | - | - | 96,196 | - | (13,334,404) | - | - | - |
| 12/31/2002 | TRANS FROM 1G031630 (1G0316) | 15,164 | - | - | 15,164 | - | (13,319,240) | - | - | - |
| 12/31/2002 | TRANS FROM 1G029230 (1G0292) | 52,950 | - | - | 52,950 | - | (13,266,290) | - | - | - |
| 12/31/2002 | TRANS FROM 1F014330 (1F0143) | 141,825 [1] | - | - | 130,922 | - | (13,135,367) | - | - | - |
| 12/31/2002 | TRANS FROM 1F014530 (1F0145) | 98,375 [1] | - | - | 4,855 | - | (13,130,512) | - | - | - |
| 12/31/2002 | TRANS FROM 1N001930 (1N0019) | 98,538 | - | - | 98,538 | - | (13,031,974) | - | - | - |
| 12/31/2002 | TRANS FROM 1F014230 (1F0142) | 83,750 [1] | - | - | 27,855 | - | (13,004,119) | - | - | - |
| 12/31/2002 | TRANS FROM 1F014430 (1F0144) | 121,936 | - | - | 121,936 | - | (12,882,183) | - | - | - |
| 12/31/2002 | TRANS FROM 1H012430 (1H0124) | 322,869 [1] | - | - | 311,071 | - | (12,571,112) | - | - | - |
| 12/31/2002 | TRANS FROM 1F015330 (1F0153) | 151,000 | - | - | 151,000 | - | (12,420,112) | - | - | - |
| 12/31/2002 | TRANS FROM 1G030730 (1G0307) | 19,567 | - | - | 19,567 | - | (12,400,545) | - | - | - |
| 12/31/2002 | TRANS FROM 1W010130 (1W0101) | 297,580 [1] | - | - | 209,737 | - | (12,190,808) | - | - | - |

MADC1054_00000004